The King *v.* Kom Kwei.

## SUPREME COURT—IN BANCO.

### APRIL TERM—1883.

*Judd, C. J., and Austin, J.*

### THE KING *vs.* KOM KWEI.

WHERE an appeal has been taken in a criminal case from a conviction in a Police Court to the Supreme Court in Banco on a point of law, and the defendant's law is not sustained, the Supreme Court cannot modify the sentence imposed below.

Opinion of the Court by AUSTIN, J.

The defendant was convicted in the Police Court of Honolulu on a charge of importing opium in violation of the statute.

He appealed to the Supreme Court in Banco on the point of law that the facts adduced did not warrant his conviction. The Court, upon having heard counsel, were of the opinion that the offense had been made out, and that the conviction was right. The defendant's counsel now move the Court for a reduction of the sentence imposed, and the question is raised whether this Court can, in such a case, modify the sentence.

The King *v.* Kom Kwei.

The Attorney General contends that on an appeal of this character, made according to the latter clause of Section 1,007 of the Civil Code, solely on points of law, if not sustained, the sentence of the Court whence the appeal came remains in force.    This Court held in Rex *vs.* Cullen, 3 Haw. Rep., 122, that a bill of exceptions cannot be taken from the decision of a Circuit Judge at Chambers, because the statute designates the mode for correcting errors in the inferior Courts, and that mode is amply sufficient, to wit : a general appeal on which there is a trial *de novo,* and an appeal on the law, in which case the magistrate sends up according to the " order concerning appeals " a distinct statement of the points of law.    Such an appeal can, by the terms of the law, be heard by the Appellate Court in Banco, which implies that the facts of the case are not to be re-heard, for the jury is the tribunal to try the facts of a case appealed to the Supreme Court.    This statutory method for an appeal on the law bears a close analogy to a bill of exceptions, being only simpler, and capable of being more easily understood and applied.

We think its effect is the same as if exceptions were taken, and accordingly hold that the sentence of the Police Court must be affirmed.

A. S. Hartwell and W. R. Castle for defendants.

Attorney General Preston for prosecution.

Honolulu, April 7, 1883.