## H. HACKFELD & CO., LIMITED, v. J. R. WILSON.

### APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED SEPTEMBER 24, 1900.   DECIDED DECEMBER 27, 1900.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A promise to pay for goods delivered to another is held on the evidence to be an original promise and so not within the statute of frauds.

OPINION OF THE COURT BY FREAR, C.J.

This action of assumpsit for $267.93 comes here on appeal from the Circuit Judge, to whom it went on appeal from the District Court of South Hilo, under Act 44 of the Laws of 1898. Judgment was given for the plaintiff in both the lower courts. By the provisions of said Act 44 only questions of law may be considered by this court in a case of this kind on appeal. The sole question of law raised on the merits of the case is whether the promise sued on was one to answer for the debt of another and so within the statute of frauds, for it was not in writing.

Was the defendant's promise original or collateral? Was credit given to him or to another? It seems that the Volcano Stables Company of which defendant was manager had a contract to construct a road and made a sub-contract for this purpose with one Hiashi, and that he, the defendant, took Hiashi to plaintiff's store and told its manager that Hiashi needed materials. Several witnesses testified that defendant said in substance "Let Hiashi have the materials and I will see that you are paid for them." The entry in plaintiff's books was "Hiashi"

in ink and "J. R. Wilson" in pencil. There was evidence to show that plaintiff's custom was to make entries in ink against the person to whom goods were delivered and in pencil against those to whom credit was given, the object being to save confusion, as those to whom credit was given often kept several accounts. There was evidence also to show that the plaintiff never presented any bill to Hiashi and looked to the defendant alone. The only witness for the defendant was himself. He testified in effect that he never made any promise at all either original or collateral. The Circuit Judge found that the defendant said in substance: "furnish whatever goods Hiashi may desire and I will see that you are paid;" and that the defendant made himself primarily liable. We cannot hold as matter of law that these findings were without evidence to support them.

In view of the foregoing we need not express an opinion upon the other questions raised, whether this case should have been brought here on exceptions rather than on appeal or whether, if properly on appeal, there should have been a certificate of points of law, that is, whether the decision in *Castle v. Bowler,* 8 Haw. 366, should be held to govern the case.

The appeal is dismissed and the case remitted to the Circuit Judge for such further proceedings as may be proper.

*Smith & Parsons* for plaintiff.

*C. Creighton* and *W. S. Wise* for defendant.