# IN THE MATTER OF THE ESTATE OF JOHN MARQUES ALEXANDRE, DECEASED.

RESERVED QUESTIONS FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 28, 1909.          DECIDED OCTOBER 6, 1909.

HARTWELL, C.J., WILDER, J., AND CIRCUIT JUDGE WHITNEY IN PLACE OF PERRY, J.

DOWER—*mutual benefit society fund.*

> Under the by-laws of a mutual benefit society a member could designate to whom after his death it should pay a donation fund. The decedent directed it to be paid to his executor for the benefit of his estate. Held, the widow has no statutory dower in this fund although a part of the estate of the decedent.

### OPINION OF THE COURT BY HARTWELL, C.J.

The material facts upon which the questions of law were reserved are as follows: The decedent, as a member of a Portuguese benevolent society, was entitled under its by-laws to designate by will or by declaration filed with its executive council the persons to whom, upon his decease, certain moneys collected by the society from its members, called in its by-laws a donation, should be paid by the society, the by-laws providing that "for all legal purposes the donation * * * is not considered as assets of the estate of the deceased." The testator in his will directed that all moneys becoming due at his decease from the society should be paid to his executor for the benefit of his estate, giving his wife "the sum of one dollar as and for her full share in any personal property of whatever nature or description I may die possessed of." Upon the decedent's death the sum of $1678 was paid by the society to the executor. The will, after a few small legacies, made the testator's daughter his residuary legatee.

The questions reserved are (1) "Is the sum of one thousand six hundred and seventy-eight ($1678.00) dollars so held

a part of the estate of John Marques Alexandre, deceased," (2) "Has the widow, Minnie Marques Alexandre a dower interest in said fund?"

The statute, Sec. 2271 R. L., enacts that the widow, in addition to dower in her husband's land, "shall also be entitled, by way of dower, to an absolute property in the one-third part of all his movable effects, in possession or reducible to possession, at the time of his death, after the payment of all his just debts." The money in question was not personal property of the decedent nor any part of his movable effects in possession or reducible to possession by him at the time of his death, nor was it subject to any disposition other than that which he should direct by will or written declaration to the society. The direction in the will excludes the widow from any share, other than one dollar, in any of the testator's personal property. It is to be inferred that the testator intended to exclude her from sharing in this donation as well as in other property of which he should die possessed. Although she would not be deprived of her right by way of dower in other personal property the direction may be treated as effective with reference to the donation. The executor is the one who was designated to receive the donation fund and he should distribute it as provided in the will which, while making it a part of the estate, precludes the widow from sharing in the fund beyond the amount indicated.

The first of the reserved questions is answered in the affirmative and the second in the negative.

*E. C. Peters* for the widow.

*Judd & Lindsay* for the executor.

*Thompson & Clemons* and *A. D. Larnach* for legatees.