*Plaintiff* in person.

*C. F. Peterson* for defendant.

---

## B. F. DILLINGHAM *v.* M. F. SCOTT; KONA DEVELOP-MENT CO., LTD., AND F. B. McSTOCKER, GAR-NISHEES.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED SEPTEMBER 27, 1909.          DECIDED OCTOBER 11, 1909.

### HARTWELL, C.J., WILDER AND PERRY, JJ.

PLEADING—*sufficiency of allegation.*

> The declaration held to sufficiently allege (a) an express promise by an accommodation party to a promissory note to save the other accommodation party harmless in the transaction and (b) a consideration for the promise.

TRIAL—*instructions.*

> A party cannot be heard to complain of the giving of instructions requested by himself.

> When the law is sufficiently stated in the instructions given, the refusal of additional instructions is not error.

FRAUDS, STATUTE OF—*promise to save harmless.*

> The promise to save the maker of a note harmless from any claim on the note is an original undertaking and not within the statute of frauds.

Dillingham v. Scott, 19 Haw. 554.

## OPINION OF THE COURT BY PERRY, J.

This case has been before this court on writ of error, the judgment rendered, jury waived, for the plaintiff being reversed and a new trial ordered. Ante, p. 421. At the second trial the jury rendered a verdict for the plaintiff and the case now comes for review on exceptions.

On the writ of error this court stated the question then before it to be "whether the accommodated party on whom the law casts the obligation to reimburse the accommodation party is necessarily the party whose debt is paid with the note or its proceeds or whether it may be shown by oral testimony to be some other party who requested the transaction to be made and who received an indirect benefit from it"; and, observing that "a person may be accommodated within a broad use of that term without being the accommodated party in the legal sense," and regarding the evidence upon the material matters as undisputed, held that "the accommodated party upon whom the law casts the implied obligation of reimbursing the accommodation party is the party who, in accordance with the prior understanding of the parties, receives the direct benefit of the accommodation paper or its proceeds, and that this result follows even though * * * the motive actuating the accommodation maker was wholly the desire to accommodate some other party requesting the loan of credit," and, more specifically, that "the plaintiff and the defendant were both accommodation parties and the Kona Sugar Co., Ltd., was the accommodated party and the only party under implied obligation to reimburse the accommodation maker." It added, however, that "it is true that between accommodation parties, one of whom has paid the note, parol evidence of an express contemporaneous agreement that their liability shall be different from that expressed on the face of the paper is admissible and that plaintiff may recover on such express contract if

proved"; and since the case "was apparently not tried and
certainly not decided upon this theory" this court refused to
pass "in the first instance on the question whether the evidence
would support a finding of such express contract," and there-
fore make the order for a new trial.

At the new trial the plaintiff presented, without any amend-
ment to the declaration, the claim that there was an express
contemporaneous agreement different from that set forth on
the face of the note. The first question raised by the exceptions
is whether under the declaration evidence of such express con-
tract was admissible,—whether, in other words, the declaration
set forth a cause of action based upon such promise.

The declaration alleges that the plaintiff executed and deliv-
ered to the defendant the promissory note in question, describ-
ing it; that the note, "although purporting on its face to be
for a valuable consideration, was wholly without consideration
and for the purpose of enabling said defendant to obtain the
sum of money in said promissory note set forth for his own
use and benefit, said promissory note having been executed and
delivered as aforesaid by said plaintiff for the accommodation
of the defendant;" that at the time of the delivery of the note
the defendant in consideration of its execution and delivery
"promised and agreed with the plaintiff that he would pay to
the holder of said promissory note at maturity the amount
due thereon and save plaintiff harmless from any claim or
demand thereon;" that before maturity the note was transfer-
red for value by defendant to H. Hackfeld & Co., Ltd.; that
at maturity Hackfeld & Co. was its bona fide holder for value;
that the defendant wholly failed to pay the note and that plain-
tiff was required to and did pay the whole of its amount to
Hackfeld & Co.; and that upon demand defendant has failed to
reimburse the plaintiff.

Reading the language of the declaration in its ordinary
meaning an express promise on defendant's part to pay the

note at maturity and to save the plaintiff harmless is sufficiently averred, nor is the effect of this allegation destroyed by the further averment that the note was executed and delivered "for the accommodation of the defendant." The word "accommodation" may properly be regarded as having been used in this connection in its popular as distinguished from its technical meaning. So also it sufficiently appears that the consideration for the defendant's promise to save harmless was the plaintiff's execution and delivery of the note, acts which subjected the plaintiff to the risk of being compelled, under certain circumstances, to pay the note if it was specifically transferred by the defendant for value, as it was intended by the parties to be; and, on the other hand, the consideration for the plaintiff's execution and delivery of the note was the defendant's promise to hold him harmless. Evidence of an express promise was admissible.

The next question is whether the plaintiff so conducted the trial as to violate in the presentation of evidence or in his statements in the presence of the jury or otherwise the spirit of the former decision of this court. After a careful examination of the record we find no such violation. While the word "accommodation" was used a few times by counsel and witnesses in the course of the testimony it was evidently used in its popular sense and its use could not have been prejudicial to the defendant. The case was presented by the plaintiff on the sole contention that an express oral contract was made by the defendant to save plaintiff harmless and no reliance was had by the plaintiff or could properly have been understood by the jury to have been had by him upon the theory of an implied obligation on the part of the defendant as the accommodated party. The instructions likewise, in so far as the plaintiff requested them, omitted all reference to the theory of any such implied obligation on the part of the defendant. Considerable was, indeed, said by the court to the jury on the

subject of the liability of makers and indorsers of notes and of accommodation paper, accommodation parties, and accommodated parties, but with slight exceptions in the form of modifications of original requests all of this was said at the express request of the defendant himself. All of these instructions requested by the defendant should have been refused and the subject covered with a short statement expressly excluding its consideration by the jury and defining the sole issue to be whether or not the express oral contract had been made. The defendant, however, cannot now be heard to complain that the subject was discussed in the instructions.

Some of the instructions requested by the defendant were modified and others refused, but as given they do not, as is now contended by the defendant, leave it to the jury to determine who was the accommodated party or to find against the defendant upon an implied obligation as the accommodated party.

Some only of the rulings of the trial court on the instructions will be specifically referred to. Defendant's requested instruction No. 6 was "If you find from the evidence that the note in question was given to pay a debt of the Kona Sugar Company, Limited, so understood by the parties at the time of its execution or if it was stated by defendant to plaintiff at the time, and if the paper was so used as intended, I then instruct you that the note was an accommodation note, that the plaintiff B. F. Dillingham was the accommodation maker, that defendant M. F. Scott was the accommodation indorser and that the Kona Sugar Company, Limited, was the accommodated party. I further instruct you that between accommodation parties themselves, plaintiff and defendant, the note itself shows a contract in writing, of a primary obligation of plaintiff to pay and that payment by plaintiff discharged the liability of defendant and that if defendant had paid the note he could in turn have recovered on the contract of the note

from plaintiff." This was modified by the addition at the end of the words "unless at the time it was executed the parties had an agreement different from that represented by the position of their respective names on the note," and by the insertion after the words "I then instruct you," in the early part of the instruction, "that if you find from the evidence." The first modification was unobjectionable. The other rendered the whole instruction at least ambiguous and perhaps meaningless, and yet the error was cured by the giving of other instructions substantially to the same effect as this one in its original form. For example, in defendant's Nos. 8, 12 and 15 the court instructed the jury as follows: "A party may be accommodated by the use of accommodation paper, within a broad sense of that term, without being the accommodated party in the legal sense. If you find from the evidence that defendant was the creditor of the Kona Sugar Company, and may have been accommodated and benefited by having the debts of said Company due Hackfeld & Company, paid, yet such accommodation creates no obligation of the party so accommodated to reimburse the accommodation party who may have been obliged to pay the note." "If you find from the evidence, that the note in question was negotiated for the benefit of the Kona Sugar Company, Limited, with the knowledge and acquiescence of the parties whose names are thereon, and that the proceeds thereof were applied to payment of claims against said Company, then in the absence of any agreement to the contrary the Kona Sugar Company, Limited, was in contemplation of law the accommodated party, and the party whose obligation it was to preserve the accommodation parties indemnified from loss. The note shows evidence, and is evidence of a contract in writing, that the plaintiff was the primary obligor, and if the plaintiff has paid the note he cannot recover from the defendant obligor even in an action, not on the note, if they were not in fact joint obligors, nor in fact made any

collateral contract whatever as to their liability. Therefore unless you find satisfactory evidence of a collateral agreement made at the time the note was executed that the liability of the obligors was different from that indicated by the position of the respective names on the note, then you must find a verdict for the defendant." "Unless you are satisfied by a preponderance of satisfactory evidence that at the time the note was executed, the plaintiff and defendant had an agreement by and between themselves different from that expressed in the note itself, you must find a verdict for the defendant." The giving of these instructions likewise cured any error that might otherwise have occurred in the refusal of defendant's requests Nos. 10, 11 and 13, and the modification of No. 14.

It is further contended by the defendant that the instructions given were erroneous in ommitting any reference to the defense of the statute of frauds and in permitting the plaintiff to recover upon the alleged oral contract irrespective of whether or not the promise made was original or collateral. It may be noted in passing that this defense was not pleaded and that no request was made for any instructions on the point. The only mention of the subject made in the proceedings below was by way of an objection to the admission of evidence of the oral contract. Whether this defense was properly available at the trial need not be determined in view of our conclusion upon its merits. The contemporaneous oral agreement, if any, proven by the evidence was that the defendant would save the plaintiff harmless if the plaintiff should by reason of the execution and delivery of the note be required to pay the same, and under the instructions the jury was not given liberty to find for the plaintiff unless they found that this promise was made. Upon any other state of facts, as found by the jury, the latter was instructed in effect to find for the defendant. Such an agreement, made by the defendant to the plaintiff, was an original undertaking and was not a promise to

pay the debt of another. See 29 Enc. L. 912; *Wildes v. Dudlow,* L. R. 19 Eq. Cas. 198, 201; *Hackfeld v. Wilson,* 13 Haw. 212; *Castle v. Smith,* 17 Haw. 32, 37-40. The Kona Sugar Co. did not owe any debt to the plaintiff. The defendant's promise was to pay to the plaintiff and not to H. Hackfeld & Co., to whom the Kona Sugar Co. was indebted. Ordinarily to bring a promise of this nature within the statute it must be made to the person entitled to enforce the liability assumed by the promisor. *Merchant v. O'Rourke,* 111 Ia. 351, 355; *Tighe v. Morrison,* 116 N. Y. 263, 270. Under the sole issue submitted and the finding made, credit was extended by the plaintiff to the defendant alone and not to the Kona Sugar Co.

It may be added that there was evidence sufficient to sustain a finding that a contemporaneous oral agreement was entered into as claimed by the plaintiff.

The exceptions are overruled.

*M. F. Prosser* and *W. B. Lymer* (*Kinney, Ballou, Prosser & Anderson* on the brief) for plaintiff.

*M. F. Scott,* defendant, in person.