## Patrick McCormick vs. Patrick Boylan.

Third Judicial District, Bridgeport, October Term, 1910.
Hall, C. J., Prentice, Thayer, Roraback and Wheeler, Js.

An oral request to become surety on the bond or recognizance of a third person in a criminal case, coupled with a promise to indemnify the promisee for any loss he might sustain by complying with such request, is an original undertaking and not within the statute of frauds.

Where a benefit to the promisor is the inducement for an oral promise of indemnity, such promise is not one "to answer for the debt, default, or miscarriage of another," but is an original undertaking and binding upon the promisor.

In an action against the promisor, the receipt of such a benefit by him may be proved, although it need not be alleged in the complaint, and, in the absence of facts showing the contrary, may be presumed.

An allegation that the bond or recognizance was taken by the clerk of a certain court, is sufficient to admit proof that it was taken by one who was authorized to take it, and that it was a valid obligation.

With respect to the State, the surety on such a bond is a principal, whose liability is not dependent upon a prior demand upon his co-obligor and default of payment by the latter.

It is not necessary, in order to fix the liability of the indemnitor, that the surety should first demand payment from the accused, or that he should notify the indemnitor of the latter's default.

A stipulation by the parties, unless adopted by the trial court as a finding of facts, will not be treated as such by this court on appeal.

Argued October 27th—decided December 16th, 1910.

Action to recover money paid by the plaintiff as surety on a bail bond given by him at the request and upon the oral promise of the defendant to reimburse him for any loss he might sustain by reason of becoming such, brought to the Court of Common Pleas in New Haven County and tried to the court, *Wolfe, J.*, after a demurrer to the complaint had been overruled; judgment for plaintiff, and appeal by the defendant. *No error.*

*Robert L. Munger,* for the appellant (defendant).

*Robert J. Woodruff,* for the appellee (plaintiff).

THAYER, J. The plaintiff became surety on a bond or recognizance conditioned for the appearance of Michael Boylan, to answer to a criminal charge, in the Criminal Court of Common Pleas in New Haven county. Boylan failed to appear when his case was called, and the plaintiff was compelled to pay the State the amount of the bond. The plaintiff became surety on the bond at the request of the defendant and upon his promise, in consideration thereof, to pay the plaintiff any loss that he should sustain in consequence of giving the bond.

The foregoing are the substantial allegations of the complaint, which was demurred to upon the ground that the alleged promise, not being in writing, was within the statute of frauds; that the bond was void because the authority by whom it was taken was without authority or right to take it; and that it did not appear that Michael Boylan made default of payment of the bond, or that the plaintiff had notified the defendant of any such default.

The demurrer was properly overruled. It appears that before the plaintiff entered into the recognizance the defendant requested him to do so, and promised him, if he would do so, to pay him any loss that he might sustain by reason thereof. This was an original promise, and, so far as appears, the sole consideration for the plaintiff's action in becoming bound. It does not appear that the transaction was not for the benefit of the defendant, or that his promise was not the sole reliance of the plaintiff in assuming his obligation upon the recognizance. Where a benefit, legal or pecuniary, to the promisor is the inducement for a promise of

indemnity, such promise is not within the statute of frauds as being a special promise to answer for the debt or default of another, but is an original promise binding upon the promisor. *Reed* v. *Holcomb*, 31 Conn. 360, 364; *Smith* v. *Delaney*, 64 Conn. 264, 275, 29 Atl. 496. Whether the liability to loss incurred by the promisee, irrespective of any benefit to the promisor, would not have furnished a sufficient legal consideration for the latter's promise of indemnity, we do not stop to inquire, since the demurrer does not challenge the validity of the contract upon the ground of a want of consideration, but only because it was not evidenced by a writing. The statute of frauds "regards promises only, and not their consideration." *Sage* v. *Wilcox*, 6 Conn. 81, 85.

The plaintiff was not bound to allege that the defendant received a benefit from the act which he requested the plaintiff to perform. That may be presumed in the absence of facts showing the contrary; and, under the allegations of the complaint, the plaintiff might prove, if necessary, that the defendant did receive such a benefit.

The complaint states that the bond or recognizance was taken by one Manville, clerk of the City Court of Ansonia. It seems to be claimed that because it does not appear expressly that he had authority to take the bond, that he had no authority to take it, and that it was therefore void. Sufficient facts are not stated to show that he had authority to take the bond, and it was not necessary that they should be stated. But it does not appear that he had no authority to take the bond. It may be presumed that the case in which the bond was given was appealed from the City Court of Ansonia, and in that case the clerk of that court, would have authority to take the recognizance. Public Acts of 1905, p. 437, Chap. 234. It was sufficient

McCormick *v.* Boylan.

to allege that the bond or recognizance was given; the evidential facts to establish this, which would involve showing that the recognizance was valid, were to be proved upon the trial.

As to the State, the plaintiff was a principal on the bond. Upon Michael Boylan's default of appearance, the State could at once call upon the plaintiff to pay the amount of the bond. His liability did not depend upon a prior demand by the State upon Michael Boylan and default of payment by him. It is alleged that the plaintiff was compelled to pay the State the amount of the bond. The defendant's promise as alleged being an original promise to pay any loss the plaintiff should sustain by reason of becoming bound for Michael Boylan's appearance, it was not necessary for the plaintiff to demand payment of Michael Boylan in order to fix the defendant's liability, nor to notify the latter of Michael's default.

The remaining reasons of appeal are not properly before us. A stipulation as to the facts, which was filed in the case by the parties, is treated by the appellant as if it were a finding of facts by the court. No pleadings subsequent to the demurrer were filed, no issue of fact is raised, and the court has made no finding of facts. There is no foundation, therefore, for the defendant's last reason of appeal.

There is no error.

In this opinion the other judges concurred.