## The S. Landow and Company *vs.* Samuel Gurian et als.

Third Judicial District, Bridgeport, April Term, 1919.

Prentice, C. J., Roraback, Wheeler, Beach and Gager, Js.

A count setting forth a claim for the balance of the defendants' share of the net cost of a carload of peaches, which the plaintiff had purchased in its own name for the common and equal benefit of both parties, pursuant to previous agreement,—is but an amplified and detailed statement of a cause of action described in general terms by the so-called common count for money "paid, laid out, and expended for the defendant," and therefore under General Statutes, § 5651, may properly be substituted for such common count.

An oral promise made to a debtor to pay his, the debtor's own debt, is not within the statute of frauds (§ 6130), since the statute applies only to oral promises made to a person to whom another is answerable.

In the present case the trial court found that the defendants bought the peaches through the plaintiff, who acted as their agent as well as for itself. *Held* that under such circumstances the statute of frauds constituted no valid objection to the plaintiff's claim; and furthermore, that the receipt by the defendants of their share of the first carload of peaches constituted such a part performance of the entire contract as to take the case out of the statute.

Owing to the defendants' refusal to unload their share of the second consignment, the peaches began to decay and the plaintiff was obliged to have them repacked and sold in open market for the defendants' account. *Held* that the repacking and commission charges constituted proper items of recovery, as the plaintiff was a bailee of these peaches and was bound to exercise reasonable care and diligence in their preservation and disposition.

Argued April 9th—decided July 16th, 1919.

Action upon the common counts, for which a substituted complaint was filed, which the trial court, *Case, J.*, refused to strike out, to recover one half the cost of a carload of peaches and of other fruit purchased for the defendants by the plaintiff, brought to and tried by the Superior Court, *Curtis, J.;* facts found

and judgment rendered for the plaintiff for $517, and appeal by the defendants. *No error.*

During June and July, 1917, the plaintiff and defendants were each merchants engaged in buying and selling fruit at wholesale in New Haven, with places of business on the same street and on the same block. About the 15th day of June, they agreed with each other to purchase in common, from a Georgia peach grower, two carloads of peaches.

It was agreed that the plaintiff, who alone had credit for such a transaction, should conduct the purchase in its own name for the benefit of both the plaintiff and the defendants, and that as the peaches arrived defendants were to pay plaintiff one half the net cost of the fruit plus one half the cost of transportation, icing and demurrage, and that each was to remove from the cars one half of the peaches and dispose of them in the regular course of their respective business.

About the 29th day of June, 1917, the first of the two cars of peaches arrived, and in accordance with the agreement the defendants proceeded to remove from the car their share of the peaches.

As the exact cost of said peaches and expenses of transportation, demurrage and icing of this car was at the time undetermined, the defendants gave to the plaintiff $750 on account of their share, leaving the exact accounting between the parties to take place when the bills for the various items were received.

On or about the 2d day of July, 1917, and while the plaintiff and the defendants were still engaged in unloading their peaches from the first car, their second car of peaches arrived. The plaintiff immediately notified the defendants of this fact and asked them if they cared to inspect this second instalment of their common purchase. The defendants instructed S. Landow, president of the plaintiff, to inspect the goods for

the defendants at the same time that he performed
that service for the plaintiff. This was done, the goods
found satisfactory, and so reported by Mr. Landow to
the defendants. On that day and on each of the fol-
lowing three or four days, defendants promised the
plaintiff a check for their share of the second instalment
of their common purchase, giving as a reason for the
delay that they (the defendants) were short of funds
in the bank.

The plaintiff several times warned the defendants to
remove their share of the peaches from the car, as
fruit closely packed in cars decays, but on each occasion
the defendants replied that they did not then have the
time to unload the car. Finally the defendants sent
their servants and agents (Fleischner and Neveloff) to
unload their share of the car of peaches. When Fleisch-
ner and Neveloff delivered to the defendants' store the
first wagonload of the defendants' share of the fruit,
the defendants' attention was called to the fact that the
peaches had commenced to decay. Thereupon they
instructed Fleischner to deliver the peaches to the
plaintiff's place of business and declared that they would
not unload any more of the second carload.

The plaintiff thereupon, after due notice to the de-
fendants, in order to prevent further loss by decay,
sold defendants' share of the peaches in the open mar-
ket. In order to secure the best possible price for the
fruit, the plaintiff found it necessary to repack it.

The plaintiff was compelled to pay for all of the
peaches, cost of transportation, demurrage and icing,
including the one half of the charges that should have
been paid by the defendants.

The defendants did not buy the peaches in question
from the plaintiff, but did buy them from the Georgia
growers through the plaintiff, who acted for itself and
as agent for the defendants.

*Joseph I. Sachs,* with whom, on the brief, was *Louis Sachs,* for the appellants (defendants).

*Samuel A. Persky,* for the appellee (plaintiff).

RORABACK, J.   The plaintiff commenced its action upon the common counts, so called, and subsequently it filed a substituted complaint consisting of two counts. The defendants now contend that the Superior Court erred in denying their motion to strike out the first count of the substituted complaint.   This pleading contains a detailed statement of facts, set forth in fifteen different paragraphs, one of which avers that the plaintiff was compelled to lay out and expend for the defendants, over and above what it received, $440.40.   In testing the sufficiency of this part of the plaintiff's substituted complaint, the court was limited to and controlled by the information which the common counts afforded.   It there appears that one object which the plaintiff had in bringing its action was to recover money from the defendants which it had laid out and expended for them.   Viewed in this aspect it is plain that the court below was justified in denying the defendants' motion to strike out.   *Dunnett* v. *Thornton,* 73 Conn. 1, 14, 46 Atl. 158; *Kelsey* v. *Punderford,* 76 Conn. 271, 56 Atl. 579; General Statutes, §§ 5664, 5665.

The defendants based several grounds of their appeal upon the statute of frauds.   An oral promise to discharge the debt of another, if made to the debtor himself, is not, as the defendants contend, within the statute of frauds.   The statute applies only to promises made to a person to whom another is answerable. This court has held that such a promise, if on a sufficient consideration moving between the immediate parties to it, and from which the promisor is to derive

a benefit, in view of which the promise is made, becomes a new and independent contract existing entirely between the immediate parties to it. *Reed* v. *Holcomb,* 31 Conn. 360, 364; *McCormick* v. *Boylan,* 83 Conn. 686–688, 78 Atl. 335. See, also, Note to 15 L. R. A. (N. S.) 214, 215.

The trial court has found that the defendants bought the peaches through the plaintiff, who acted for itself and as agents for the defendants. This conclusion is not questioned or criticized. The relation between the plaintiff and the defendants was not that of vendor and vendee, but that of principal and agent. The record also discloses that the items of the plaintiff's account correctly represent money which it paid out and expended in the execution of its agency. Under such circumstances the statute of frauds constitutes no valid objection to the plaintiff's claim. *Jacobson* v. *Hendricks,* 83 Conn. 120, 124, 75 Atl. 85. Furthermore, the transactions mentioned in the first and second counts were one agreement, hence the receipt of one half of the first carload was a sufficient part performance to have taken the case out of the statute.

The finding shows that on July 12th, peaches were sold on account of the defendants for $380.95, less cost of repacking, $17.64, and customary commission, $38.10. The defendants now contend that as a matter of law the plaintiff was not entitled to recover for the repacking and for the commission in selling the peaches.

After the defendants' unjustifiable refusal to pay for the peaches, the plaintiff could well be considered as the bailee of this property, and like any bailee it was bound to exercise reasonable care and diligence in the preservation and protection of it. The exigencies of the case were such that the plaintiff was necessarily compelled to sell the fruit at once to prevent further loss from decay. This, it appears, was done in open

market, after due notice was given the defendants. It necessarily follows that these two items were the ordinary and proper expenses of the sale, which the defendants were bound to pay.

There is no error.

. In this opinion the other judges concurred.