# CHESTER R. CLARKE, DOING BUSINESS AS CLARKE TRANSPORTATION COMPANY, *v.* LUCY K. WARD.

## No. 2284.

ARGUED NOVEMBER 16, 1938.      DECIDED FEBRUARY 6, 1939.

COKE, C. J., PETERS, J., AND CIRCUIT JUDGE STAFFORD IN PLACE OF KEMP, J., DISQUALIFIED.

OPINION OF THE COURT BY COKE, C. J.

This cause comes up on a writ of error sued out by Lucy K. Ward, defendant in the court below, to review a judg-

ment rendered against her in the circuit court of the first judicial circuit in favor of Chester R. Clarke, doing business as Clarke Construction Company. The appellee sought to recover from the appellant the sum of $3178.92, alleging that sum to be the balance due for the construction of an automobile racecourse or speedway in the district of Waikiki, Honolulu. The complaint contained two counts, one laid in assumpsit and the other upon *quantum meruit,* that is, the reasonable value of labor performed and of the goods and materials furnished in the construction of the speedway. Appellee confined his evidence to the latter cause of action. The cause was tried, jury waived, and at the conclusion of the trial the circuit judge found in favor of appellee for the full amount sued upon.

While the plea of the general issue interposed by the appellant cast upon appellee the necessity of proving by evidence amounting to more than a scintilla all of the material allegations of his complaint the record indicates that the appellant relied solely upon her claim that the debt sued upon was that of another, to wit, Hawaii Speedway, Limited, a local corporation, and that under the statute of frauds, namely, section 3900, R. L. 1935, she could not be held liable for the debt of another in the absence of any promise or agreement executed by her or some person in her behalf duly authorized in writing, as provided in the statute just referred to. The question thus became one of fact. The evidence introduced at the trial was conflicting. Mr. Clarke testified in effect that before starting the work he discussed the contract with Miss Ward with a view to ascertaining from whom he should look for payment as well as for orders in performing the work and that he was told by Miss Ward that "you are doing business with me" and further that he was instructed by Miss Ward to take orders from her and to submit all figures to her. Clarke's testimony is to some extent corroborated

by the testimony of other witnesses and documents introduced at the trial. It is also corroborated by certain circumstances shown to exist, including the fact that Miss Ward, without objection, personally made two payments of $1000 each upon the contract price of the speedway. Miss Ward denied all personal liability and the existence of any agreement, verbal or otherwise, which would render her liable in connection with the contract.

The question being presented on conflicting testimony, it was peculiarly within the province of the trial judge to determine the issues. He held that appellant had at the inception assumed control and direction of the work and agreed to become liable to the contractor for the value of the labor performed and materials supplied. In other words, that she became an original obligor and was not entitled to invoke the statute of frauds as a means of escaping financial liability to the plaintiff. (See *Hackfeld & Co.* v. *Wilson,* 13 Haw. 212. See also *Castle* v. *Smith,* 17 Haw. 32; 99 A. L. R. 76.)

The supreme court is not authorized to disturb the findings of fact of a trial judge in a term case presented on a writ of error where such findings depend upon the credibility of the witnesses or the weight of the evidence. "Nor shall there be a reversal in any term case for any * * * finding depending on the credibility of the witnesses or the weight of the evidence." R. L. 1935, § 3563.

This court just recently, in *Land Title, Waimalu,* 33 Haw. 832, said: "There is perhaps in this jurisdiction no rule of law more certainly and definitely settled than where a proceeding in error is presented to this court upon general assignments of error we will not reverse any findings of fact dependent upon the credibility of the witnesses or the weight of the evidence. The court will confine itself to ascertaining whether there is evidence of that substan-

tial character amounting to more than a scintilla to support the findings of the judge or the jury."

It is further urged by the appellant that the action being based upon the doctrine of *quantum meruit* the appellee failed to prove that the labor and material were furnished or the reasonable value thereof. Clarke testified that he carried out the contract under the direction of Miss Ward, both as to furnishing labor and material. Invoices containing items of labor and material, together with the charges therefor, were presented by the contractor from time to time and his "Record of Sales," being his book of original entry in which the account was carried, was introduced in evidence by him. The appellant complains that these records were not properly identified by the bookkeeper who made the entries or by any other person qualified to authenticate them. There would perhaps be some merit in this contention had there been any objection by the appellant to the introduction of these records. In the absence of any such objection they were before the trial judge and were properly considered by him.

Mr. Makin, office manager of the Clarke Construction Company, testified that as shown by the account, and after the two payments of $1000 each were made by Miss Ward, the remaining balance due and owing was the sum of $3178.92, this being the sum for which appellee brought suit. The appellant did not deny that the labor was performed as claimed by appellee nor did she question the value of the material and supplies used in carrying out the terms of the contract.

Ordinarily books of original record of a contractor are not admissible as evidence in the absence of the testimony of some person having knowledge of the transaction unless it be shown that because of death, absence, inconvenience or incompetency or otherwise, such person is unobtainable. But it is likewise the rule that where books are offered in

evidence and are accepted without objection on the part of the opposing party, such party is not in a position to urge the objection for the first time in this court. (*Commonwealth Irr. Co.* v. *Rio Grande C. W. Users' Ass'n.,* 45 Pac. [2d] 622.)

The original invoices and the sales ledger were introduced and became *prima facie* evidence of the services rendered and the delivery of the material as well as the value thereof. (See *Radtke* v. *Taylor,* 210 Pac. 863; *Finley* v. *Pew,* 205 Pac. 310.)

Appellant's assignments of error numbers 25 and 26 complain of the trial court's ruling which curtailed her right to cross-examine one of the appellee's witnesses in reference to testimony given on direct examination and in which the witness described the appellee's method of doing business with other contractors and materialmen. No objection, however, was interposed by appellant to this testimony. The irrelevancy of testimony was first called to the attention of the trial judge when counsel for appellee interposed an objection whereupon the judge ruled in effect that any transactions between appellee and third parties unrelated to the issues then being tried were irrelevant and immaterial. With this we agree. We assume that had appellant made timely objection the evidence would have been excluded in the first instance.

Appellant further complained of the inclusion in the judgment of an item of $41.25 for services rendered Victoria Ward, Limited, in clearing the race track premises prior to the contract between the appellant and appellee. This item became the subject of controversy at the trial in the court below and finally counsel for appellee said in reference to it: "In our original complaint I should like to drop . . . the first item, showing the claim against the Ward Estate, Ltd., of $41.25. The first item of $41.25 we should like to omit from our complaint." To which the

court replied: "That was after suit, so that you leave it reduced by that amount." (Tr. p. 98.) It therefore seems clear to us that this item was abandoned by appellee but through inadvertency was included in the judgment. The judgment appealed from should be reduced accordingly.

Appellant further claims that the judgment is defective because it bears interest from the 30th of April, 1935, at the rate of six per cent. It is shown, at least inferentially, that the contract was finished prior to April 30, 1935. Having performed his contract, the appellee was entitled to payment and in default thereof to interest at the legal rate until payment was made. It should be observed that appellee did not raise the question in the court below. Her counsel merely excepted to the final decision of the trial judge on the broad and general ground that it was contrary to the law and the evidence.

Having carefully examined all of the assignments of error, we conclude that number 15 should be sustained and the judgment modified by eliminating therefrom the sum of $41.25 and interest thereon and all other assignments of error should be and they are overruled. The cause is remanded to the court below with instructions to amend the judgment by deducting from the amount thereof the sum of $41.25 and all interest on the latter amount.

*M. K. Ashford* (also on the briefs) for appellant.

*I. M. Stainback* (*Kemp & Stainback, Stainback & Massee* and *S. Shapiro* on the briefs) for appellee.