R. Y. DUNG *v.* JOSEPH AH NEW CHUN.

No. 2430.

Argued August 12, 1940.                    Decided August 19, 1940.

Coke, C. J., Peters and Kemp, JJ.

The plaintiff-appellant, R. Y. Dung, brought assumpsit in the district of Honolulu against Joseph Ah New Chun, defendant-appellee, "in the sum of $135.25 for moneys before that time * * * paid and expended by the plaintiff for the use of the defendant, at his request." As appears from the record, the bases of the claim are certain hospital and doctor's expenses incurred for the care of plaintiff's unmarried daughter in childbirth, the defendant having been responsible for her condition of pregnancy. It further appears that upon discovery of his daughter's condition plaintiff notified the authorities and thereupon a conference was held between him, defendant and Mr. Marino, the latter being an officer, at which time the defendant promised the plaintiff to take care of all hospital and doctor's charges in connection with the pending childbirth. Later on plaintiff's daughter entered the hospital where she was confined for approximately ten days and during the time received the usual attention of a physician. The hospital expenses were $85.25 and those of the doctor $100. Defendant paid $50 on account of the hospital bill but failed to pay the balance, as well as any part of the doctor's charges. The plaintiff thereupon paid both accounts and instituted this action to recover the amount of his outlay which he claims was expended by him for the use of the defendant and at his request. After the introduction of the evidence in the district court the magistrate held that plaintiff's right to recovery was barred by the statute of frauds and rendered judgment accordingly.

The plaintiff appeals to this court upon the single point of law which, as certified by the district magistrate, is "the court having found and held that the plaintiff and defendant entered into an oral contract on or about the 7th day of January, 1939 with respect to the payment by the defendant of the amount claimed, held said contract

could not be enforced for want of a memorandum or other writing relative thereto signed by the defendant as contemplated by Section 3900, Revised Laws 1935."

An appeal from the district courts to this court, pursuant to section 3500, R. L. H. 1935, is limited in its scope to the single point or points of law certified by the district magistrate. (*The King* v. *Kom Kwei*, 4 Haw. 666.) Therefore in the present appeal we are restricted to the consideration of the one question, namely: Is the alleged contract between the parties described in the record unenforceable because of the provisions of the statute of frauds?

The applicable part of section 3900, R. L. H. 1935, provides that "No action shall be brought and maintained in any of the following cases: * * * 2. To charge any person upon any special promise to answer for the debt, default or misdoings of another; * * * Unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing * * * or by some person thereunto by him in writing lawfully authorized."

The defendant at no time made any promise, either orally or in writing, to the maternity home or the doctor that he would be responsible or answerable for the expenses incurred in the confinement of plaintiff's daughter and this is not an action by either the maternity home or the doctor, the original creditors, to recover from the defendant on a promise to pay the debt of another. It is an attempt by plaintiff to obtain judgment against the defendant on an alleged agreement entered into by the defendant with plaintiff.

The statute of frauds applies only to oral promises made to a person to whom another is answerable. (*Cincinnati Traction Co.* v. *Cole*, 258 Fed. 169; *Castle* v. *Smith*,

17 Haw. 32; *Dillingham* v. *Scott,* 19 Haw. 554; *Hackfeld & Co.* v. *Wilson,* 13 Haw. 212; *Landow & Co.* v. *Gurian,* 93 Conn. 576, 107 Atl. 517. See also 27 C. J. 140.) No such promise is involved in this case and clearly under these circumstances the statute of frauds has no application.

The judgment appealed from is vacated and set aside and the cause is remanded to the court below for such further proceedings as may be proper.

*M. D. White* (also on the brief) for plaintiff.

*S. Landau* (*F. Patterson* with him on the brief) for defendant.

