The plaintiff, a licensed professional bondsman, brought this action to recover damages which resulted when the defendant, Helen Varricchio, refused to indemnify him for losses incurred upon the failure of the defendant's son to appear for his court hearing. The court rendered judgment for the plaintiff, finding that Mrs. Varricchio was liable for the amount of the bond plus costs.
The facts found by the trial court reveal that William Hensley, the son of the defendant, was arrested on or prior to September 11, 1972, and charged with a felony. In an effort to secure the release of her son, the defendant signed a bond application presented to her by the plaintiff. The plaintiff alleged and the court found that the plaintiff bondsman had explained the bond application to the defendant and had informed her of the consequences of signing it. Additionally, the plaintiff explained to the defendant the nature of the charge and the extent of her liability before she signed the bond application.
The bond application, which is an exhibit in the case, contains the following language: "I *Page 621 
the undersigned do guarantee that William Hensley does appear at all hearings and continuances designated by the court until his case is disposed of. In the event of forfeiture of this bond $5000 I will pay said amount on demand or any and all legal fees and expenses incurred to collect the above amount." The defendant did not sign immediately below this language, though there was a space on the form for her signature. The next line of the bond application states: "I am the owner of real estate that is standing in my name on the land records of said town as described below." At that point on the form, the defendant signed her name[1] in the space indicated.
The facts found by the court further reveal that the plaintiff posted a $5000 bond to guarantee the appearance of William Hensley in court; that Hensley appeared in court at Meriden and was bound over to the Superior Court at New Haven; that the bond posted by the plaintiff was continued in effect to guarantee Hensley's appearance in Superior Court at New Haven; that Hensley thereafter failed to appear in Superior Court in New Haven where the bond was declared forfeited; and that the plaintiff was required to pay and did pay $5000 to the state of Connecticut. When the defendant failed to pay to the plaintiff the amount of the bond, he brought an action to recover that amount.
The trial court concluded from the evidence that the defendant had agreed to pay the bond in the event of forfeiture, that she had been fully aware of the contents of the agreement, that the promise of the defendant at least in part motivated the plaintiff to post the bond, that the promise of the defendant to the plaintiff was a direct one and was *Page 622 
not conditioned on Hensley's failure to pay the plaintiff, and that the defendant became obligated to pay $5000 to the plaintiff when the bond was declared forfeited.
The defendant assigns error in the failure of the court to apply the statute of frauds[2] to the bond application. The defendant asserts that the plaintiff did not rely solely on the defendant's agreement to indemnify and, therefore, that the agreement comes within the statute of frauds. Additionally, the defendant argues that the bond application violated the statute of frauds because all spaces were blank when it was presented to the defendant for her signature, the amount of the bond was not filled in, and the form did not contain the name of the person (Edwin Biestek) to whom the defendant was to be bound. Furthermore, the defendant argues that the defendant's promise, if there was such a promise, to indemnify the bondsman constituted a collateral rather than an original undertaking and that, for this reason, the promise was within the statute of frauds.
There is ample support in the evidence that Mrs. Varricchio's promise in this case was an original rather than a collateral undertaking and, thus, was *Page 623 
not subject to the statute of frauds. "`[T]he prevailing rule . . . is that a promise to indemnify the promisee for becoming surety for a third person, at the request of the promisor, is not within the statute.' 49 Am.Jur. 485; 2 Corbin, Contracts 387." Grillo v. Cannistraro, 147 Conn. 1,4. In Bartolotta v. Calvo, 112 Conn. 385, the court stated (p. 389) as follows: "Fundamentally the distinction between a contract which falls within the condemnation of the statute of frauds and one which does not is that the former is a collateral undertaking to answer in case of a default on the part of the obligor in the contract, upon whom still rests the primary liability to perform, whereas in the latter the obligation assumed is a primary one that the contract shall be performed."
In the present case, the defendant, as the primary party, agreed to indemnify the bondsman in the event of forfeiture of the bond. The defendant claims that the plaintiff did not rely solely on the defendant's agreement to indemnify, but charged a fee of William Hensley. That fact is not relevant to our decision, however, because "[i]t is not necessary, . . . that the sole inducing cause of the undertaking of the surety be the promise. It is enough if the promise was an inducement because of which the surety entered into the undertaking." Grillo v. Cannistraro, supra, 5; Bartolotta v. Calvo, supra, 391; McCormick v. Boylan, 83 Conn. 686, 687.
The agreement in the present case is not governed by the statute of frauds. The finding of the trial court that the defendant agreed to pay the amount of the bond to the plaintiff is well supported by the evidence.
 There is no error.
PARSKEY, D. SHEA and SPONZO, Js., participated in this decision.