[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANT'S MOTION FOR SUMMARYJUDGMENT (NO. 133)
I. FACTUAL AND PROCEDURAL BACKGROUND
This action seeks damages for an injury allegedly sustained by the plaintiff, Jason Courter, during the operation of a rock crusher machine. The owner of the rock crusher, Ace Equipment and Sales (Ace), leased the rock crusher to the third party defendant Atlantic Industries (Atlantic), pursuant to an oral agreement with the defendant Lawrence Becker, d/b/a Becker Construction Co. (Becker). The plaintiff alleges that his injuries were caused by the negligence of Becker and Ace. Becker filed a third party complaint against Atlantic claiming indemnification for all damages and costs arising from the plaintiff's lawsuit pursuant to its alleged oral lease and indemnification agreement with Atlantic.
On March 11, 1998, Atlantic moved for summary judgment on Becker's third party complaint on the ground that no question of material fact exists, and submitted a memorandum of law and an affidavit in support. Becker filed a memorandum in opposition to the motion for summary judgment, dated April 1, 1998, and submitted supporting documentation including an affidavit, a copy of an unsigned equipment lease, an unsigned memorandum of understanding, legislative history and case law.
Oral argument was held on April 20, 1998, at which time all parties appeared and had an opportunity to be heard.
II. DISCUSSION
A. Section 52-572k, Connecticut General Statutes
Atlantic first moves for summary judgment on the ground that Becker's indemnification claim is barred by General CT Page 5078 Statutes § 52-572k which prohibits hold harmless clauses in construction contracts. Becker argues that Section 52-572k
does not bar its indemnification claim against Atlantic because the agreement between Ace and Atlantic is not a construction contract.
General Statutes § 52-572k provides that hold harmless clauses are against public policy in certain construction contracts.[1] Section 52-572k bars an indemnification agreement if three requirements are met: (1) the agreement must be entered in connection with or collateral to a construction contract;[2] (2) the agreement must indemnify the promisee for damages arising out bodily injury to persons or damage to property; and (3) the damages must be caused by or result from the sole negligence of the promisee.
Trial courts holding that section 52-572k bars indemnification agreements have done so only where the agreements concerned a contract for construction services. SeeMitchell v. Madison Enterprises Inc., Superior Court, judicial district of Tolland at Rockville, Docket No. 057188 (May 21, 1997) (Hammer, J.) (General Statutes § 52-572k barred an indemnification action by a builder against its framing contractor); Sandella v. Dick Corporation, Superior Court, judicial district of New Haven at New Haven, Docket No. 335582 (July 24, 1997) (Freedman, J.) (section 52-572k did not apply to a contract for managerial services); Lodge v. Arett SalesCorp., judicial district of Waterbury at Waterbury, Docket No. 098122 (October 11) (1996, Sullivan, J.) (section 52-572k
applied to a sprinkler service contract to affix new switches to waterpipes since waterpipes are fixtures and therefore part of the building).
The agreement in the present case was not a contract for, or in connection with, construction services. Although the rock crushed by the leased machine would ultimately be used to construct a parking lot, Atlantic did not agree to perform any construction services for Ace and Becker. Rather, Atlantic merely leased the rock crusher machine from Ace and Becker. Neither the plaintiff's nor Atlantic's intended use for the crushed rock involved Ace or Becker. General Statutes §52-572k bars only indemnification agreements entered pursuant to a construction contract. "The legislature, in specifically outlawing hold harmless agreements in the construction industry, showed an intention that such a practice not be CT Page 5079 deemed against public policy in other situations, for had the legislature intended to outlaw all such provisions as against public policy, it could have said so." Burkle v. Car TruckLeasong Co., 1 Conn. App. 54, 58, 467 A.2d 1255 (1983). Accordingly, General Statutes § 52-572k does not bar Becker's indemnification claim against Atlantic, and summary judgment is denied on that basis.
B. Section 52-550, Connecticut General Statutes
Secondly, Atlantic moves for summary judgment on the ground that Becker's indemnification claim is barred by the Connecticut statute of frauds set forth in General Statutes §52-550 (a)(2). Becker argues that its indemnification action does not fall within the requirements of section 52-550 (a)(2).
Section 52-550 (a)(2) provides, "(a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: . . . (2) against any person upon any special promise to answer for the debt, default or miscarriage of another . . . ."
There is no Connecticut case law applying the statute of frauds set forth in section 52-550 (a)(2) to contracts for indemnification of damages for negligence. All Connecticut cases applying section 52-550 (a)(2) address surety agreements. Since Atlantic relies entirely on section 52-550 (a)(2) in arguing that the alleged oral agreement to indemnify is barred for failure to comply with the statute of frauds, this court will apply the analysis set forth in the surety cases which have analyzed section 52-550 (a)(2).
"The statute of frauds provides that an oral promise made to answer for the debt of another is unenforceable. General Statutes § 52-550 (a)(2). The statute does not apply, however, if the promise is an original undertaking rather than a collateral one." Kerin Agency, Inc. v. West Haven Painting Decorating, Inc., 38 Conn. App. 329, 331, 660 A.2d 882 (1995). The determination of "whether the agreement was an original undertaking not within the statute, is one of fact." Id., 332. It is not necessary that the agreement to indemnify be the "sole inducing cause of the undertaking" to remove the agreement from the statute of frauds. Biestek v. Varricchio,34 Conn. Sup. 620, 623, 380 A.2d 1351 (1977). "It is enough CT Page 5080 if the promise was an inducement because of which the [party] entered into the undertaking." Id.
In the present case, Becker, in his affidavit, states that the indemnification agreement was part of the original negotiations between the parties to the lease. The affidavit of Salvatore Cherenzia, an officer of Atlantic Industries, states that the terms of the oral agreement did not include indemnification. An issue of material fact exists as to whether the agreement to indemnify was part of the original contract, and whether that agreement induced Ace and Becker to lease the equipment to Atlantic. Accordingly, Atlantic's motion for summary judgment on the ground that Becker's indemnification claim fails to satisfy the statute of frauds set forth in General Statutes § 52-550 (a)(2) is denied.
III. CONCLUSION
Based on the foregoing discussion and analysis, Atlantic's motion for summary judgment is denied in its entirety.