## LUCIAN GRILLO *v.* JOSEPH CANNISTRARO

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

1

Argued October 9—decided November 17, 1959

*Harry Cooper,* with whom was *Francis P. Pallotti,* for the appellant (defendant).

*John F. Kearns,* with whom, on the brief, was *Bernard E. Francis,* for the appellee (plaintiff).

KING, J. This is an action to recover the amount which the plaintiff, a professional bondsman, paid the state as a surety on a recognizance, originally in the sum of $4000, entered into by the defendant's son Rosario, as principal, and conditioned on Rosario's appearance at the criminal session of the Superior Court to answer to a charge of bigamy and abide the order or judgment of the court thereon. The recognizance, unlike a bond, was signed by neither the principal nor the surety. 6 Am. Jur. 91, § 71. It was taken by an assistant clerk of the Superior Court on May 11, 1955.

No material corrections can be made in the finding. In the early evening of May 10, 1955, Rosario's

attorney, in accordance with the defendant's request that he get Rosario out of jail, sought the plaintiff's services. Thereafter, on the same evening, the plaintiff called on the defendant, and the defendant told him that he, the defendant, owned real estate and would stand behind a bail bond and guarantee it. The plaintiff told the defendant that if such a guarantee was given he would charge only $150 instead of his usual fee of $200, the maximum permitted under § 29-151 of the General Statutes. Soon after his conversation with the plaintiff, the defendant went to the home of Rosario's attorney and gave him $150, which was thereafter paid to the plaintiff by the attorney, who had already been given a retainer by the defendant. The next day the plaintiff, in reliance on the defendant's promise and his representation as to his ownership of real estate, entered into the recognizance. While it is not clearly stated in the finding, all parties agreed that Rosario was released from jail upon the giving of the recognizance. Under it, he was required to appear in court on a day certain. He failed to appear, and after a continuance of a week the court ordered the recognizance forfeited. The plaintiff succeeded in persuading the court to reduce the recognizance to $2500, and this sum was paid by the plaintiff to the state in satisfaction of his liability.

The basic claim of the defendant in his brief is that the Statute of Frauds is an effective defense as matter of law. It is an effective defense if the defendant's undertaking, admittedly not in writing, was, within the words of the statute as they have been interpreted, a "special promise to answer for the debt, default or miscarriage of another." General Statutes § 52-550.

The defendant's claim that the complaint failed

to state a valid cause of action in view of the Statute of Frauds is not a sound one. The complaint leaves something to be desired, but the fair import of its allegations, taken as a whole, is that the defendant agreed that if the plaintiff would enter into the recognizance the defendant would guarantee Rosario's appearance so that the plaintiff would sustain no loss if Rosario defaulted in his obligation under the recognizance, and that the plaintiff, in reliance on the defendant's promise, became surety on the recognizance. Under the agreement, the plaintiff could lose nothing by his undertaking. Either Rosario would appear, in which case neither the plaintiff nor the defendant would lose anything, or he would not appear, as proved to be the fact, in which event the plaintiff would, as he did, make good to the state on the recognizance and then would have a right of action against the defendant for the amount paid. Thus, the complaint alleged a promise to indemnify the plaintiff if he entered into the recognizance, and also alleged his action in reliance on the promise.

The cases construing the pertinent words of the Statute of Frauds, in their application to promises like the one here, are collected in annotations in 1 A.L.R. 383 and 68 A.L.R. 347. *Smith* v. *Delaney,* 64 Conn. 264, 273, 29 A. 496, discusses the English cases and our own. Its holding is in harmony with what is now generally considered to be the majority rule. "[T]he prevailing rule . . . is that a promise to indemnify the promisee for becoming surety for a third person, at the request of the promisor, is not within the statute." 49 Am. Jur. 485; 2 Corbin, Contracts § 387. In *Smith* v. *Delaney,* supra, 275, we discussed the Connecticut cases and said: "[W]here the inducement [to the promisor] is a benefit to . . . [him] which he did not before or would not

otherwise enjoy, and the act [of becoming surety] is done upon his request and credit, such promise is an original undertaking [as distinguished from a collateral undertaking] and not within the statute." To the same effect is *McCormick* v. *Boylan,* 83 Conn. 686, 687, 78 A. 335. More recently, the test was stated in *Bartolotta* v. *Calvo,* 112 Conn. 385, 389, 152 A. 306, as follows: "Fundamentally the distinction between a contract which falls within the condemnation of the statute of frauds and one which does not is that the former is a collateral undertaking to answer in case of a default on the part of the obligor in the contract, upon whom still rests the primary liability to perform, whereas in the latter the obligation assumed is a primary one that the contract shall be performed." The rule was followed and approved in *Calamita* v. *DePonte,* 122 Conn. 20, 26, 187 A. 129. As in that case, there is nothing here to indicate that the plaintiff placed any confidence in the principal on the recognizance, Rosario. The only reasonable conclusion is that the plaintiff entered into the recognizance because of, and in reliance upon, the agreement and financial ability of the defendant to indemnify him against loss by reason of the recognizance. The fact that the plaintiff told the defendant that, if he made the guarantee, the charge would be reduced from $200 to $150 gives added support to the finding of the plaintiff's reliance on the promise.

It is not necessary, as the defendant seems to claim, that the sole inducing cause of the undertaking of the surety be the promise. It is enough if the promise was an inducement because of which the surety entered into the undertaking. *Bartolotta* v. *Calvo,* supra, 391; *McCormick* v. *Boylan,* supra. While in *Calamita* v. *DePonte,* supra, the promise

was in fact the sole inducement, the case does not hold that, if the fact had been otherwise, the Statute of Frauds would have barred the action. Here, of course, the $150 fee was also an inducing cause of the surety's entering into the recognizance.

The defendant makes much of a claim that there has to be some personal pecuniary benefit running to the promisor in order for the case to be taken out of the Statute of Frauds. In the first place, the statute has nothing to do with consideration, as such. *McCormick* v. *Boylan,* supra, 688; 2 Corbin, Contracts § 367. Here, the defendant obviously received a legal benefit which he did not enjoy before, and otherwise would not have enjoyed, in that the plaintiff entered into the recognizance, thereby freeing Rosario from jail.

The court found that the plaintiff entered into the recognizance in reliance on the promise of the defendant that the obligation assumed in the recognizance would be performed and his representation that he owned real estate. This, with the other facts, was adequate to constitute the defendant's promise an original undertaking.

There is no error.

In this opinion the other judges concurred.