## EQUIPMENT DISTRIBUTORS, INC. *v.* WILLIAM C. ADAMS ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 78

Argued November 20, 1975—decided March 12, 1976

*Robert U. Sattin,* for the appellant (plaintiff).

*Michael E. Driscoll,* for the appellee (named defendant).

PER CURIAM. After trial to the court, judgment was entered in favor of the plaintiff to recover from the defendant Park, Inc., the sum of $2942.45, together with interest of $426.66 plus taxable costs. From the judgment in favor of the defendant, William C. Adams, the plaintiff has appealed.

The unchallenged finding of the court recites that the defendant Adams in October, 1972, was the sole stockholder and principal officer of the defendant corporation and as the principal officer was responsible for paying bills, making purchases, and arranging prices and financing for that corporation. In October, 1972, a sales representative for the plaintiff contacted Park, Inc., through its president, William C. Adams, to solicit an order for goods and equipment in the amount of $5145.49. Prior to accepting that order, the plaintiff checked the credit of the defendant corporation and found it to be insufficient. Thereafter, the plaintiff checked the credit of the defendant Adams and found it to be

sufficient to sell goods on an open account. Before shipment of the goods on October 25 and October 30, 1972, the defendant Adams was contacted by the salesman and an officer of the plaintiff corporation, and Adams orally agreed to pay the plaintiff for the goods and equipment. The goods were shipped on the credit of the defendant Adams and not on the credit of the defendant corporation. On October 31, 1972, an invoice was sent addressed jointly to both defendants. The defendant Adams did not make personal use of any of the goods or equipment shipped, but whatever portion of the goods or equipment not returned to the plaintiff was used in various contract jobs of Park, Inc. Adams did not sign any memorandum, invoice, or letter indicating that he was personally purchasing the goods or equipment from the plaintiff, nor did he sign any letter, invoice, or memorandum personally guaranteeing payment to the plaintiff in the event that the defendant corporation defaulted in payment of the purchases.

The plaintiff has assigned as error the conclusions of the court that the defendant corporation was primarily obligated to pay for the goods which were shipped, that the agreement between Adams and the plaintiff was a collateral undertaking, and that Adams did not purchase the goods from the plaintiff, nor did he personally and directly benefit from the purchase. In addition, the plaintiff assigns as error the application of the statute of frauds to the facts found in this action and the entry of judgment in favor of Adams.

Section 52-550 of the General Statutes bars an action on any agreement based on a special promise to answer for the debt, default, or miscarriage of another. Our Supreme Court on many occasions has laid down the principles and standards for determining when the statute of frauds applies. In

*Bartolotta* v. *Calvo,* 112 Conn. 385, 389, the test was stated as follows: "Fundamentally the distinction between a contract which falls within the condemnation of the statute of frauds and one which does not is that the former is a collateral undertaking to answer in case of a default on the part of the obligor in the contract, upon whom still rests the primary liability to perform, whereas in the latter the obligation assumed is a primary one that the contract shall be performed." "The question as to whom credit was given, which is determinative of whether the agreement was an original undertaking not within the statute, is one of fact." *Meyers* v. *Arm,* 126 Conn. 579, 583; *Cordner Co.* v. *Manevetz,* 92 Conn. 587, 590.

The finding of the trial court that Adams orally agreed to be obligated to pay for the goods ordered and shipped and that the goods were shipped based on the credit of Adams and not on the credit of the defendant corporation does not support the conclusions of the court that the defendant corporation was primarily obligated to pay and that the oral agreement of Adams to pay was a collateral undertaking. It is clear from the finding that the goods would not have been shipped but for the credit of Adams and his oral agreement to pay. No other conclusion can be drawn except that that was an original undertaking and, therefore, the provisions of the statute of frauds are inapplicable.

The conclusion that Adams did not personally or directly benefit from the transaction is not controlling in this case, because a benefit to the promisor is not vital in determining the nature of the undertaking. It is enough if the oral agreement of Adams was an inducement because of which the plaintiff shipped the goods to the defendant corporation. *Grillo* v. *Cannistraro,* 147 Conn. 1, 5; *Bartolotta* v. *Calvo,* 112 Conn. 385, 391.

There is error, the judgment is set aside and the case is remanded with direction to render judgment in favor of the plaintiff against the defendant, William C. Adams, to recover $2942.45 with interest.

SPEZIALE, D. SHEA and SPONZO, Js., participated in this decision.