OTTO CONTRACTING COMPANY, INC. *v.* S. SCHINELLA & SON, INC., ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued  January  16—decision  released  February  26, 1980

*Karen L. Karpie,* with whom, on the brief, was *Arnold J. Bai,* for the appellant (defendant Anthony L. Camarda).

*Jeffrey B. Sienkiewicz,* for the appellee (plaintiff).

PETERS, J.  This building contract case involves the liability of an owner to a subcontractor when, in departure from the normal pattern of relationships between owner, contractor, and subcontractor, the owner himself is a signatory to the subcontract

which is in litigation. The present action was brought by the plaintiff Otto Contracting Company against the defendants S. Schinella & Son, Inc., Stephen J. Schinella, d/b/a S. Schinella & Son, Inc., Stephen J. Schinella, and Anthony L. Camarda, to recover for moneys due because of work done on a construction contract. A judgment of default was entered against all parties except the defendant Camarda. After a trial to the court, the state referee, *Mellitz, J.,* found the issues in favor of the plaintiff and rendered judgment against the defendant Camarda, and the defendant Camarda has appealed.

The relevant facts found by the trial court are not in serious dispute. The defendants Anthony L. Camarda, a medical doctor, and Stephen J. Schinella, a general contractor, entered into a partnership known as Stevanton Plaza Associates to develop an office building at 30 Main Street, Danbury. In the course of that development, plumbing work was required, for which the plaintiff Otto Contracting Company (hereinafter Otto) became the successful bidder. Otto was offered, but refused to execute, a subcontract with S. Schinella & Son, Inc., because of Otto's doubts about the financial responsibility of that corporation. When Otto insisted on a personal guaranty from the owners Schinella and Camarda, Schinella agreed, on behalf of himself and Camarda, to guarantee the subcontract. Although separate contracts of guaranty were not executed by Camarda and Schinella, Schinella promised instead, as an inducement to Otto to begin work on the project, that he and Camarda would personally sign the subcontract. On August 17, 1970, the subcontract between S.

Schinella & Son, Inc., and Otto Contracting Company was signed: by Stephen Schinella, signing in three capacities, as owner, as contractor in his individual capacity, and for S. Schinella & Son, Inc.; by Camarda, as owner; and by Fred W. Otto and John J. Otto, who signed for the plaintiff. The plaintiff commenced work, performed its obligations under the contract, and received partial payment through a partnership account.

At the trial, the issues were narrowed to the personal liability of the defendant Camarda. The parties stipulated that, in the event of recovery by Otto, the amount due from Camarda was $20,040.96, without interest. The defendant, as part of the same stipulation, agreed to withdraw his claim by way of set-off and recoupment that had originally put into question the adequacy of the plaintiff's performance. The trial court found the defendant Camarda personally liable on two grounds: (1) in executing the contract as owner, Camarda became engaged in an original undertaking not within the statute of frauds, and (2) as co-partner of Schinella, Camarda was bound by the acts of his partner in pursuance of the partnership enterprise. Since we agree with the first of these conclusions, we need not and do not reach the second. *Engelke* v. *Wheatley,* 148 Conn. 398, 409, 171 A.2d 402 (1961); *Chouinard* v. *Zoning Commission,* 139 Conn. 728, 732, 97 A.2d 562 (1952).

The trial court concluded that the defendant Camarda was liable as owner because his signature to the subcontract could reasonably have been understood and relied upon by the plaintiff Otto as an assurance of performance by the named general contractor, S. Schinella & Son, Inc., and

because that assurance was an original undertaking not within the statute of frauds, General Statutes § 52-550. Although the defendant on this appeal vigorously contests both parts of the trial court's conclusion, the decision of the trial court must be affirmed unless it is clearly erroneous in view of the evidence and pleadings in the whole record. Practice Book, 1978, § 3060D. The record as a whole supports the conclusion reached by the trial court.

The defendant urges that the defendant's signature as owner signified no more than his acquiescence to a clause in the contract requiring the owners' approval in the event of contemplated substitutions in the job specifications. The trial court's finding to the contrary is amply supported by the evidence of the plaintiff's refusal to proceed with the work until the plaintiff received a personal commitment from the owners. Under the circumstances, the defendant was bound by the unconditional, unqualified undertaking manifested by his signature at the bottom of the contract, regardless of his secret reservations about the extent of his commitment. "A contractor whose expressions induce another to understand and to act in reliance on that understanding may be held responsible therefor." 3 Corbin, Contracts § 538, p. 57 (1960). See *Frigaliment Importing Co.* v. *B.N.S. International Sales Corporation*, 190 F. Sup. 116, 121 (S.D. N.Y. 1960); *Hotchkiss* v. *National City Bank of New York*, 200 F. 287, 293 (S.D. N.Y. 1911), aff'd, 201 F. 664 (2d Cir.), aff'd, 231 U.S. 50, 34 S. Ct. 20, 58 L. Ed. 115 and 231 U.S. 60, 34 S. Ct. 22, 58 L. Ed. 121 (1913); *Gendzier* v. *Bielecki*, 97 So. 2d 604, 608 (Fla. 1957); *Keefer Coal Co. of*

*Illinois* v. *United Electric Coal Cos.,* 291 Ill. App. 477, 492–93, 10 N.E.2d 210 (1937); Restatement (Second), Contracts § 21A (2) and comment d (Tent. Draft 1973). Whether a contractual commitment has been undertaken is ultimately a question of the intention of the parties. "Intention is an inference of fact, and the conclusion is not reviewable unless it was one that the trier could not reasonably make." *Hydro-Hercules Corporation* v. *Gary Excavating, Inc.,* 166 Conn. 647, 653, 353 A.2d 714 (1974); *Bianco* v. *Darien,* 157 Conn. 548, 557, 254 A.2d 898 (1969); *Finlay* v. *Swirsky,* 98 Conn. 666, 671, 120 A. 561 (1923). That is not the case here.

The defendant's alternate attack on the trial court's conclusion relies on the provision of the statute of frauds, General Statutes § 52-550, that bars action "upon any agreement . . . against any person upon any special promise to answer for the debt, default, or miscarriage of another . . . unless such agreement, or some memorandum thereof, is made in writing and signed by the party to be charged therewith or his agent." The defendant claims that the contract he signed does not sufficiently memorialize the terms of his obligations, and that therefore the requirements of the statute have not been met and the plaintiff's action cannot be maintained. The trial court did not address the merits of this claim, but ruled instead that no memorandum was required because the undertaking of Camarda and Schinella under the contract was an original undertaking and not within the statute of frauds. The issue before us then is whether the defendant's commitment was a collateral undertaking within the statute of frauds, and hence presumably unenforceable, or whether it was an orig-

inal undertaking to which the statute of frauds does not apply. We agree with the trial court's conclusion.

"A contract that all or part of a duty of a third person to the promisee shall be satisfied is not within the Statute of Frauds as a promise to answer for the duty of another if the consideration for the promise is in fact or apparently desired by the promisor mainly for his own economic advantage, rather than in order to benefit the third person." Restatement (Second), Contracts § 184 (Tent. Draft 1973). The "main purpose" or "leading object" rule, which defines when an undertaking is original rather than collateral, is an exception of long standing to the statute of frauds' guaranty provision. See *Emerson* v. *Slater*, 22 How. 28, 43, 16 L. Ed. 360 (1859); *Davis* v. *Patrick*, 141 U.S. 479, 488–89, 12 S. Ct. 58, 35 L. Ed. 826 (1891); *Warner-Lambert Pharmaceutical Co.* v. *Sylk*, 471 F.2d 1137, 1142 (3d Cir. 1972); *Siegel Trading Co., Inc.* v. *Ungar*, 422 F. Sup. 1064, 1065–66 (S.D. N.Y. 1976); *Bartolotta* v. *Calvo*, 112 Conn. 385, 152 A. 306 (1930); *Smith* v. *Delaney*, 64 Conn. 264, 275, 29 A. 496 (1894); *Yarbro* v. *Neil B. McGinnis Equipment Co.*, 101 Ariz. 378, 380–81, 420 P.2d 163 (1966); *Ryan Equipment Co.* v. *Ficken*, 423 S.W.2d 63, 73 (Mo. App. 1967); *Howard M. Schoor Assn., Inc.* v. *Holmdel Heights Construction Co.*, 68 N.J. 95, 104–106, 343 A.2d 401 (1975); *Eilertsen* v. *Weber*, 198 Ore. 1, 11–12, 255 P.2d 150 (1953); *Mercantile National Bank* v. *Hudgens*, 412 S.W.2d 364, 370–71 (Tex. Civ. App. 1967); Restatement (Second), Contracts § 184 (Tent. Draft 1973). See generally, 2 Corbin, Contracts §§ 366–384 (1950); 3 Williston, Contracts §§ 470–476 (3d Ed. 1960).

The test established by our cases is that stated in *Bartolotta* v. *Calvo,* 112 Conn. 385, 391, 152 A. 306 (1930) : "If . . . there is a benefit to the promisor which he did not before, and would not otherwise, enjoy and in addition the act is done upon his request and credit there ordinarily arises an original undertaking not within the statute." "The question as to whom credit was given, which is determinative of whether the agreement was an original undertaking not within the statute, is one of fact." *Meyers* v. *Arm,* 126 Conn. 579, 583, 13 A.2d 507 (1940) ; *Cordner* v. *Manevetz,* 92 Conn. 587, 590, 103 A. 842 (1918). On the basis of the evidence and the record before it, the trial court could readily have inferred that the defendant, as owner, stood to benefit from the work done to complete Stevanton Plaza. Moreover, there was ample evidence that the plaintiff Otto gave credit, not to the nominal contractor, S. Schinella & Son, Inc., but rather to the owners Schinella and Camarda personally. The plaintiff never agreed to perform any part of the subcontract until it had received assurance of their personal liability; the payments that were made were payments by the partnership and not by the corporation. From the evidence adduced at the trial, the very existence of S. Schinella & Son, Inc., the nominal general contractor, was cast in serious doubt. The trial court found that Schinella ostensibly had a corporation, S. Schinella & Son, Inc., for whom Schinella apparently signed the contract. But the court also noted that there was no evidence either that the alleged corporation was actually incorporated, or that the alleged corporation had actually entered into a general contract with the partnership or the owners. Under these circumstances, the trial court correctly concluded that the

defendant Camarda had made a commitment as an original undertaking not within the statute of frauds.

There is no error.

In this opinion the other judges concurred.