KERIN AGENCY, INC. *v.* WEST HAVEN PAINTING AND DECORATING, INC., ET AL.
(13417)

DUPONT, C. J., and LANDAU and SCHALLER, Js.

Submitted on briefs April 26—decision released July 4, 1995

*Alexander J. Trembicki* filed a brief for the appellant (defendant Thomas Laugeni).

*John C. Fitzgerald, Jr.,* filed a brief for the appellee (plaintiff).

LANDAU, J. The plaintiff, an insurance agency, brought this action to recover outstanding premiums owed to it for insurance policies and bonds purchased by the defendant West Haven Painting and Decorating, Inc. (West Haven Painting). The defendant Thomas Laugeni appeals from the judgment on the corrected report of the trial referee in favor of the plaintiff. He claims that the trial court improperly rendered judgment on the report because the oral guarantee on which the plaintiff based its claim against him is unenforceable pursuant to the statute of frauds, General Statutes § 52-550 (a) (2).[1]

The facts found by the attorney trial referee reveal that in 1983 the Thomas Laugeni Trust, of which Laugeni was the trustee, owned one third of the shares in West Haven Painting. Also, a corporation in which Laugeni had an ownership interest was the landlord of West Haven Painting and received rent from it. In 1983, Laugeni orally told Mark Kerin, president of the plaintiff, that he personally guaranteed the money then

---

[1] General Statutes § 52-550 provides in pertinent part: "(a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . . (2) against any person upon any special promise to answer for the debt, default or miscarriage of another . . . ."

owed by West Haven Painting to the plaintiff, as well as any further debts incurred by it for insurance and bond premiums. On the strength of this undertaking by Laugeni, the plaintiff made advances to West Haven Painting and allowed it to carry balances due. The trial referee found that Laugeni's guarantee of payments extended only to debts incurred by West Haven Painting on or before July 16, 1986.

In 1989, the plaintiff commenced this action against West Haven Painting to recover its outstanding debt and subsequently was permitted to cite in Laugeni as a party defendant on the basis of his oral personal guarantee of West Haven Painting's debt. After a default judgment entered against West Haven Painting, an attorney trial referee heard the case as to Laugeni. At trial, Laugeni argued that his oral guarantee was unenforceable by virtue of the statute of frauds, § 52-550 (a) (2). The trial referee found that Laugeni's guarantee was an original undertaking and, consequently, was not within the statute of frauds. The trial court rendered judgment, in accordance with the report of the trial referee, in favor of the plaintiff against Laugeni, and this appeal followed.

The statute of frauds provides that an oral promise made to answer for the debt of another is unenforceable. General Statutes § 52-550 (a) (2). The statute does not apply, however, if the promise is an original undertaking rather than a collateral one. *Otto Contracting Co.* v. *S. Schinella & Son, Inc.*, 179 Conn. 704, 710, 427 A.2d 856 (1980). "Fundamentally the distinction between a contract which falls within the condemnation of the statute of frauds and one which does not is that the former is a collateral undertaking to answer in case of a default on the part of the obligor in the contract, upon whom still rests the primary liability to perform, whereas in the latter the obligation assumed

is a primary one that the contract shall be performed."
*Bartolotta* v. *Calvo*, 112 Conn. 385, 389, 152 A. 306
(1930).

"The test established by our cases is that stated in
*Bartolotta* v. *Calvo*, [supra, 112 Conn. 391]: 'If . . .
there is a benefit to the promisor which he did not
before, and would not otherwise, enjoy and in addition
the act is done upon his request and credit there
ordinarily arises an original undertaking not within the
statute.' 'The question as to whom credit was given,
which is determinative of whether the agreement was
an original undertaking not within the statute, is one
of fact.' *Meyers* v. *Arm*, 126 Conn. 579, 583, 13 A.2d
507 (1940); *Cordner* v. *Manevetz*, 92 Conn. 587, 590,
103 A. 842 (1918)." *Otto Contracting Co.* v. *S. Schinella
& Son, Inc.*, supra, 179 Conn. 711. Consequently, the
finding of the trial court is subject only to limited appel-
late review to determine whether it is clearly erroneous
in light of the evidence in the whole record. *Stelco
Industries, Inc.* v. *Bette*, 2 Conn. App. 17, 21, 475 A.2d
1105 (1984); *Otto Contracting Co.* v. *S. Schinella & Son,
Inc.*, supra, 709.

Upon review of the whole record, we conclude that
the finding of the trial referee was not clearly erro-
neous. The trial referee found that the advances to
West Haven Painting by the plaintiff were made on
the strength of Laugeni's credit. The testimony at trial
established that the plaintiff extended credit to West
Haven Painting on the basis of Laugeni's personal
guarantee and a review of Laugeni's personal finan-
cial statement. The trial referee also found that it is
plausible that Laugeni had benefited from the credit
extended to West Haven Painting. Laugeni was the
trustee of a trust that owned one third of West Haven
Painting and an owner of a corporation that received
rents from it. The trial referee correctly noted, how-
ever, that "it is not necessary for an original under-

taking to be taken out of the statute of frauds that the promisor receive any benefit from his promise. It is enough that the promise was an inducement for the extension of credit. *Equipment Distributors, Inc.* v. *Adams*, 33 Conn. Sup. 528, 531, 358 A.2d 367 (1976). And it need not be the only inducement. *Grillo* v. *Canistraro*, 147 Conn. 1, 5, 155 A.2d 919 (1959)."

The judgment is affirmed.

In this opinion the other judges concurred.