[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
The plaintiff, a law firm, brings this action against the defendant Steven Shore. The defendant Shore is the president of a corporation, Cellular Network, Inc. The plaintiff acted through its partner Attorney Richard Order. Mr. Shore and Mr. Order are neighbors, who live on Banks Road in Simsbury, Connecticut.
On a Sunday evening in late January 1995 the defendant phoned Mr. Order asking to discuss certain business problems which the corporation was encountering. The defendant was a guarantor of certain notes or obligations of the corporation. The corporation was encountering serious financial problems at that time. The defendant was apprehensive that the provider of the telephone line service, S.N.E.T. had threatened to shut down access to the telephone line service, for non-payment of bills, thereby causing the line service sold to the corporation's customers to be cut off.
The defendant wished to prolong the service so that the debts could be paid off and the defendant recoup some of his investment in the corporation. He was also concerned about the prospect of personal liability for federal and state taxes if the company were to go out of business, which also might be avoided if the company could be sold to a third party. CT Page 12404
The plaintiff explained to the defendant that the plaintiff would undertake representation only if the defendant agreed to be personally responsible for the payment of all the fees.
The plaintiff prepared a detailed two page retainer agreement, plaintiffs exhibit 2. The disclosure statement was prepared in accordance with Rule 1.5 of the Rules of Professional Conduct, on January 25, 1995. The defendant was asked to sign the agreement as president of Cellular Network, Inc. and personally as Steven E. Shore, in the two capacities on the lines provided for each capacity. The defendant did so sign, in the presence of Mr. Order. Mr. Order testified, and the court so credits, that the defendant made a photostatic copy, retained the copy, and personally returned the original.
The original signed agreement has not been able to be located by the plaintiff. Mr. Order and other personnel in the law firm and the defendant himself had access to the file, but despite diligent search the original signed agreement has not been able to be located. Rule 1.5 does not require that the agreement be signed. Therefore the absence of the signatures on the agreement, exhibit 2, is not material to the inquiry, the court having determined that the defendant knew of and assented to the terms of the agreement and understood his personal obligation for the bill for legal services to be rendered.
The law firm file was opened on January 26, 1995 in the name of Cellular Network, Inc. and Steven E. Shore. All of the billing, commencing February 15, 1995 was directed to "Cellular Network, Inc. and Shore." What payments were made on the bills were made by checks drawn by the defendant from the corporation account. This source of payment is of no significance for, as the billing was to both, it is immaterial as to whose check the defendant used to partially pay the bill.
The corporation, Cellular Network, Inc. filed bankruptcy on October 5, 1995. It listed the plaintiff as a creditor. No further payments on the bill were made. This filing is of no significance as the debt incurred is incurred by both the corporation and the defendant jointly.
The court determines that the plaintiff would not have agreed to render the requested service has it not been for the defendant's agreement to be personally liable for and to make payment of the bills incurred. The court further finds that the CT Page 12405 agreement was of particular benefit to the defendant personally so as to avoid personal liability in connection with his prior personal guarantee of corporate notes and his potential personal exposure for unpaid taxes. The court finds that the plaintiff's agreement to provide such services was undertaken upon the defendant's personal request and upon his personal financial credit, as the financial credit of the corporation, as was explained to the plaintiff by the defendant, was at best highly questionable under the circumstances then and there existing.
"If there is a benefit to the promisor which he did not before, and would not otherwise, enjoy and in addition the act is done at his request and credit there ordinarily arises an original undertaking. . ." Kenin Agency, Inc. v. West HavenPainting Decorating, Inc., 38 Conn. App. 329, 332 (1995).
The court determines, from the evidence that the bills for services rendered was in the amount of $21,362.74 and that these charges were fair and reasonable for the work performed in accordance with the retainer letter. Billing exhibits plaintiff's 4, 3. The court determines that $2,500.00 has been paid on this billing. The balance due thereon is $18,862.74.
The court enters judgment for the plaintiff in the amount of $18,862.74. The court determines that the requested award of statutory interest is not here appropriate under the circumstances of the dispute.
Sullivan, J.