[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Richard K. Merrell doing business as Merrell Associates has applied for a prejudgment remedy in the amount of $135,000 against the defendant Old Field, Inc., seeking to attach certain real estate owned by the corporation. After the plaintiff rested his case in support of the prejudgment remedy application, the defendant asked the court to deny the application CT Page 9942 based on the insufficiency of the plaintiff's evidence. The defendant reserved the right to present evidence in the event that the court did not find that denial of the application was appropriate based on the plaintiff's evidence.
The plaintiff is a licensed architect who first provided architectural services in connection with a proposed Southbury residential condominium project known as "Old Field Condominium" in 1988. His initial contract was with an entity known as Old Field Estates Limited Partnership. The Property has been owned by a succession of developers from 1988 through 1996, including Old Field Associates, Stonefield Developers, MFB Associates, and Old Field Associates; it is currently owned by the defendant, a corporation. Merrell rendered architectural services to these owners without a written contract or amendment to his 1988 contract. The defendant is the first of the owners to actually construct the condominium buildings. The plaintiff seeks to hold the defendant liable for all his unpaid bills for the condominium project irrespective of the identity of the owner or developer at the time when the services were rendered. Some of the bills date back to 1989. He employs two legal theories: first, that the defendant agreed to pay all these bills; and, secondly that the defendant has benefited from the use of his architectural plans in the construction of the condominium and it will be unjustly enriched if permitted to retain that benefit without payment.
General Statutes § 52-278d provides that the court shall grant a prejudgment remedy if it finds that the plaintiff has shown at a hearing that there is probable cause that judgment in the amount of the prejudgment remedy sought will be rendered in the plaintiff's favor, taking into account any defenses, counterclaims or set-offs. The applicant for a prejudgment remedy must provide the court with sufficient evidence to enable the court to determine the probable amount of the damages involved. Ledgebrook Condominium Association, Inc. v. LuskCorporation, 172 Conn. 577, 585 (1977).
Merrell testified at the prejudgment remedy hearing that in June, 1995 Maureen Morrill, the president of Old Field, Inc. verbally assured him that he would be paid in full by the defendant. Merrell concedes this that alleged "agreement" to pay Merrell's bills for work done for predecessor owners of the project was never reduced to writing. (It should be noted that Morrill, called by the plaintiff to testify at the hearing, CT Page 9943 denied making any such promise.) The defendant contends that even if the court were to credit Merrell's testimony over that of Morrill, the verbal promise to pay is unenforceable under the statute of frauds, General Statutes § 52-550.
The statute of frauds requires a writing signed by the party to be charged in order to enforce a "special promise to answer for the debt, default or miscarriage of another . . ." General Statutes § 52-550 (a)(2). The statute applies to collateral undertakings, not to original undertakings. KerinAgency, Inc. v. West Haven Painting Decorating, Inc.,38 Conn. App. 329, 331 (1995).
Various tests have developed to determine whether an undertaking is original or collateral. An undertaking by a party not previously liable to perform a duty for which the original obligor remains liable is a collateral undertaking which is within the statute of frauds. E. Paul Kovacs Co. v.Blumgarten, 150 Conn. 8, 11 (1962). The question as to whom credit was given is determinative of whether the agreement was original or collateral. Kerin Agency, Inc. v. West HavenPainting Decorating, Inc., supra, 38 Conn. App. 331. "Fundamentally the distinction between a contract which falls within the condemnation of the statute of frauds and one which does not is that the former is a collateral undertaking to answer in case of a default on the part of the obligor in the contract, upon whom still rests the primary liability to perform, whereas in the latter the obligation assumed is a primary one that the contract shall be performed." (Citations and internal quotation marks omitted.) Id.
Application of all these tests to the facts before the court clearly demonstrates that if the defendant did promise payment of the plaintiff's bills for past architectural services, that promise was a collateral undertaking within the statute of frauds. Old Field, Inc. certainly was not originally liable for payment for the plaintiff's architectural services rendered under his 1988 contract with Old Field Estates Limited Partnership. The defendant corporation did not exist in 1988. Moreover, Old Field Estates Limited Partnership remains liable under the contract. The plaintiff recently filed suit against that limited partnership seeking payment under the contract. The plaintiff gave credit to that limited partnership in 1988 and later years and to succeeding owners of the Property without regard to any liability on the part of the defendant, a CT Page 9944 corporation which did not exist until the 1990's and did not acquire the Property until mid-1996. As the plaintiff's recent suit against Old Field Estates Limited Partnership so clearly shows, he continues to look to the original obligors for payment of their bills. The defendant's liability is only secondary. In those cases where a third person's promise to pay the debt of another is found to be an original undertaking, three facts are common: (1) the promise is given at the outset of the contract; (2) credit is given based on the third person's credit worthiness; and (3) the contracting party looks directly, and not secondarily, to the third person for payment. See, e.g., OttoContracting Co. v. S. Schinella Son, Inc., 179 Conn. 704
(1980).
The court finds that there is not probable cause that judgment will enter in the plaintiff's favor on his claim that the defendant expressly promised to pay all of the plaintiff's unpaid bills for work done for the Property because the defendant's promise is unenforceable under the statute of frauds. (The court further notes that even if the plaintiff could overcome the statute of frauds problem, the court would not be able to find probable cause as to the amount due the plaintiff. Merrell never testified as to the current total balance due him nor the balance due him directly from the named defendant. The various bills and statements of account that he submitted in evidence are inconsistent and insufficient to establish the balance due.)
In support of his unjust enrichment claim, the plaintiff testified that the reasonable value of his architectural plans for the Property was $75,000 during the summer of 1996, when the defendant began construction of the condominium at the Property. He offered no explanation as to how he arrived at such a value. Moreover, he called witnesses at the hearing who contradicted his testimony.
Maureen Morrill testified to numerous deficiencies in the plaintiff's plans which were discovered during the summer and fall of 1996 as the first condominium units were being built. Stairwells had inadequate head room clearance and failed to comply with applicable building codes. Garages were too small. The framing plan was so deficient that the town building department stopped the construction until a structural engineer could revise the plan. Morrill testified that these mistakes and others led the defendant to terminate the plaintiff's work CT Page 9945 in January, 1997. In addition, she testified, these deficiencies have caused the defendant to incur additional costs in the construction of the condominium: approximately $25,000 in change orders for additional labor to correct work done in accord with the plaintiff's plans and over $45,000 in damages due to delays caused by the corrections, the work stoppages ordered by building officials and delays in obtaining necessary building permits.
As a result of an amendment to the prejudgment remedy statutes which took effect January 1, 1994, the court is required to consider any defenses, counterclaims or set-offs when ruling on prejudgment remedy applications. Morrill's testimony demonstrates that the defendant has defenses, counterclaims and set-offs which are roughly equivalent in amount to the plaintiff's unjust enrichment claim. Accordingly, the court cannot find that there is probable cause that judgment will be rendered in this matter in the plaintiff's favor on his unjust enrichment claim, "taking into account any known defenses, counterclaims or set-offs." General Statutes § 52-278e(a).
The plaintiff's prejudgment remedy application is denied.
VERTEFEUILLE, J.