[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' NOVEMBER 30, 1998 APPLICATION FOR PREJUDGMENT REMEDY
Pursuant to an application of November 30, 1998, the plaintiff in this action seeks a prejudgment remedy against John F. Grello individually in the amount of $535,549.59.
A hearing was held on February 8, 1999. It is uncontested that the corporate defendant. Grello Enterprises, Inc., is indebted to the plaintiff in the amount of approximately $535,549.59 in connection with goods, including but not limited to candies, cigarettes, and tobacco products, supplied to various service stations after January of 1985. The only issue presently before the Court is whether John F. Grello can individually be held accountable for this debt based on the allegations in the complaint.
I do not see a need to recapitulate the hearing testimony in great length. To summarize and substantially simplify, John F. Grello asserts that only the corporation he controlled assumed the burden of paying the amounts owed. The president of plaintiff, Alan R. Schonfeld, on the other hand, testified that he continued to extend credit on the basis of a purported longstanding relationship and on the basis of the fact that Mr. Schonfeld testified that Mr. Grello had said, in so many words, not to worry, that he would pay plaintiff. Plaintiff also points to the fact that certain personal checks were used to allegedly pay the debts of the corporation; and also the fact that plaintiff extended credit to Mr. Grello after the corporation had failed to pay off a portion of the debts owed.
The oft-repeated standard for issuance of a prejudgment remedy is not high. A movant must only demonstrate "probable cause" that he is likely to prevail on the merits. McCahill v.Town Country Associates, Ltd., 185 Conn. 37 (1981).
Notwithstanding this relatively low burden, on consideration CT Page 3012 of the full present record and the briefs filed by counsel, I conclude that the application for a prejudgment remedy against Mr. Grello must be denied in light of the clear requirement of Section 52-550(a)(2). This section states that no civil action can be maintained unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party to be charged "(2) against any person upon any special promise to answer for the debt, default or miscarriage of another."
In this case, John Grello, individually, signed no writing to answer for the debt of the party to be charged, the corporation. John Grello's status as an agent of Grello Enterprises, Inc. was both disclosed to and known by plaintiff. I agree with defendant that the case relied upon by plaintiff, Zolan, Bernstein, Dworkin Klein v. Milone, 1 Conn. App. 43 (1983), is distinguishable on its facts. In this case, there has been no evidence that the goods ordered from plaintiff were for the benefit of John Grello personally. Indeed, the present evidence establishes that the corporate party was billed and was the actual entity dealing with plaintiff during the relationship between the parties.
John Grello denied that he had promised to personally make good on the corporate debt, although Mr. Schonfeld, who said that he trusted and relied upon Mr. Grello's assurances, so testified. No documentary evidence whatever was presented to support plaintiff's claim. Unless the instant dispute is resolved, this issue of credibility will need to be fleshed out in further detail and decided by a jury, after discovery has been undertaken. However, in the absence of any documentary evidence, or third party testimony, that John Grello personally assumed the debt, at the present time, on the present record, and based only on the allegations of the present complaint. Section 52-550(a)(2) compels the conclusion that the application must be denied. SeeKerin Agency, Inc. v. West Haven Painting and Decorating, Inc.,38 Conn. App. 329 (1995) (statute of frauds does not apply if the promise is an original undertaking and not a collateral one).
Douglas S. Lavine Judge, Superior Court