[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In his complaint the plaintiff alleges that Mark III, Inc., a Connecticut corporation entered into an oral month-to-month tenancy with the plaintiff; that the defendant Arnold Cook was a principal shareholder of Mark III, Inc.; that Cook agreed to act as a surety personally liable for one quarter of any unpaid rent by the corporation. The plaintiff alleges that Cook owes $9,787.50 pursuant to his agreement.
In a second count, the plaintiff alleges the defendant was CT Page 6729 unjustly enriched.
In his special defense, the defense claims the alleged agreement was not in writing and is not enforceable as it violates the Statute of Frauds, § 52-550, et. seq. of the general statutes.
In his affidavit in support of the Motion for Summary Judgment Cook denies agreeing in writing to act as a surety for the corporation's rent, and that his interest in Mark III, Inc. was as the owner of five (5) shares of stock purchased in 1991 for $500. Cook also states that in December 1996 and January 1997 he sent checks of $200 each to the plaintiff for a total of $400 but those were gratuitous payments and not in accordance with any agreement.
The plaintiff has filed a memorandum in opposition to the Motion for Summary Judgment. (No supporting affidavits or documents were attached).
The plaintiff argues that the defendant's promise as surety was an original undertaking and not subject to the Statute of Frauds. If an oral agreement to be liable for the debt of another is an original undertaking it is generally a question of fact.Kevin Agency, Inc., v. West Haven Painting, Inc.,38 Conn. App. 329 (1995); Bianco v. Darien, 157 Conn. 548 (1969).
While it is not fatal for the plaintiff to have not filed an affidavit, the uncontradicted affidavit filed by Cook establishes there is no material of fact genuinely in issue. This is not a case where only the defendant has knowledge of the particular facts involved. The plaintiff has put forth no facts to support his claim that this was an original undertaking. Batick v.Seymour, 186 Conn. 632, 645-646 (1982); New Haven Tobacco Co. v.O'Brien, 37 Conn. Sup. 815, 818-19 (1981).
In this case the plaintiff entered into an oral month-to-month rental agreement with Mark III, Inc. If a shareholder of that corporation obtains a derivative benefit from his shareholder status, that does not without more make him liable for the corporation's debts as a party to an original undertaking. There were no facts alleged by the plaintiff to refute the requirements of § 52-550.
As to the second count (unjust enrichment), no facts were CT Page 6730 alleged to show that Cook benefitted [benefited] by virtue of the agreement between Mark III, Inc., and Martocchio, other than by being a shareholder. Shareholder status is not, per se, sufficient to establish personal liability to the shareholder.
The plaintiff also points out that the payments made in December 1996 and 1997 were acts of partial performance which take the alleged oral agreement outside the Statute of Frauds.
While the burden of showing the nonexistence of any material fact is on the party seeking summary judgment, the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Fleet Bank,N.A. v. Galluzzo, 33 Conn. App. 662, 665 (1994). Acts of part performance must be such as are done by the party seeking toenforce the contract, in pursuance of the contract . . . . and be such acts as alter the relations of the parties. Fleet Bank N.A.v. Galluzzo, id at p. 666. (emphasis added).
The plaintiff has not by affidavit or otherwise alleged that he took any action in partial performance of a contract while the defendant in his affidavit stated he refused to sign a promissory note which the plaintiff requested he sign. See Craftsman, Inc.v. Young, 18 Conn. App. 465 (1989). Nor does the plaintiff allege he took any action in reliance on any agreement by the defendant. Based on the affidavits, there is no enforceable agreement because of partial performance.
The Court concludes that there is no genuine issue as to any material fact and that the defendant would be entitled to a directed verdict on the facts attested to at trial. Connell v.Colwell, 214 Conn. 242, 246 (1990).
Accordingly, summary judgment shall enter against the plaintiff in both counts.
Klaczak, J.