[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this case is Kenneth Green. Although not consolidated, this case was tried together with the case of ThomasStearns V. Jeffory Fitzgerald by mutual consent of the parties inasmuch as the basic claims and the testimony regarding these claims are similar, (although the amounts are different). Thus, although tried together, the cases will be treated as separate and distinct.
The plaintiff filed a complaint on July 26, 1999, in which he claims that for the period May 1991 through June 1993 at the request of the defendant, he loaned to him sums totaling $22,800 for the use of Mr. Fitzgerald in his business and that the defendant agreed to pay him 10% interest until said loan was paid. He further claims that the defendant paid him the sum of $13,000 in repayment for a portion of the above loan CT Page 553 and that the balance including interest of $24,714.30 is still due. The defendant filed an answer in which he admitted
The payment of $13,000 but either denied or pled insufficient insufficient as to the balance of the claim. He also filed a special defense in which he claimed (1) that the monies paid the plaintiff to the defendant were capital investments and that, therefore, there was never any intention or obligation to repay the same and (2) any payments by defendant to the plaintiff were loans to the plaintiff.
The case was tried on June 13, 2000. The plaintiff appeared with his counsel. The defendant, however, did not appear although he was represented by counsel.
On August, 2000, the defendant filed a Motion to Amend his answer to conform to proof, adding a special defense of Statute of Limitations. He claimed that each and every transaction was a separate and distinct transaction and not part of a single understanding between the parties so that either C.G.S. § 52-576 or § 52-581 applied. The defendant filed a Memorandum of Law with respect to said amendment, the amendment was unopposed and allowed.
The court finds that the plaintiff, Kenneth Green, was a friend of the defendant, Jeffory Fitzgerald. They had been friends since college and remained so throughout the period covered by this case.
From May 1991 through June of 1993 the plaintiff, at the request of the defendant, loaned monies to the defendant in an original principal amount of $22, 800. These payments were made in the form of cash or checks payable variously to cash, to the defendant, to Kirghizstan International Inc., and to various parties to whom the defendant claimed he owed money. A transaction directly to the defendant amounted to $10,400 in 1991. $8, 400 was paid to Kirghizstan International by way of two transfers; one in 1992 of $2,900; one in 1993 of $5,500. The payments to others amounted to $4,000, $3,700 in 1992 and $300 in 1993.
The defendant operated a business out of his one bedroom apartment in New York and the various loans to him made by the plaintiff were used to pay personal expenses, rent, utilities, phone bills and some business expenses. The uncontroverted testimony was to the effect that the monies paid to Kirghizstan International were loans and not investments and made at the request of and for the accommodation of the defendant.
The plaintiff received the sum of $10, 000 from Kirghizstan International on or about August 6, 1993 as a payment on account of the debt. CT Page 554
On many occasions the defendant acknowledged his personal liability for the monies lent. In 1998 the defendant and plaintiff had lunch and examined a spread sheet of what was owed and defendant paid plaintiff $3000 on account.
Notwithstanding that some of the checks may have been payable to Kirghizstan International the uncontroverted evidence was that these payments were tendered as loans to the defendant and that the defendant benefitted personally from the loans and he intended to repay personally when his financial circumstances permitted him to do so.
The defendant raises the claim that this would be a promise to be responsible for the debt of another and violated the Statute of Frauds. However, Connecticut cases have held that a promise to pay the obligation of another is enforceable, notwithstanding the fact that the promissor does not directly receive t= money or the services especially where the promissor may indirectly benefit from the money or services rendered. OttoContracting Company v. Schinella Sons. Inc., 179 Conn. 704 (1980),Bartolotta v. Calvo, 112 Conn. 385 (1930) The Bartolotta case established the test for determining whether a party may be held liable for his promise to answer for the debt of another, "If the promise is on a sufficient consideration moving between the immediate parties to it, and from which the promisor is to derive a benefit, in view of which the promise is made, it then becomes a new and independent contract existing entirely between the immediate parties to it. The benefit which the original debtor may derive from it is incidental, and in no respect the object of the parties, and ought not therefore to affect the validity of their contract." . . . . "If however there is a benefit to the promissor which he did not before, and would not otherwise enjoy, and in addition the act is done upon his request and credit there ordinarily arises on original undertaking." Id. 390-391.
In the Court's opinion there was insufficient evidence of a definite agreement to pay interest on these transactions over the years. With respect to Section 37-3a of the Connecticut General Statutec it is clearly meant to cover a situation where, as it states, money is wrongfully detained — clearly not the situation in this case; it was detained with the consent of the plaintiff until recently.
The defendant filed an amended answer pleading the Statute of Limitations under both C.G.S. § 52-576, applicable to a simple or implied contract and under C.G.S. § 52-581, applicable to an oral contract.
In the opinion of the court the relationship between plaintiff and CT Page 555 defendant was an informal account or a continuing course of conduct and as such the Statute of Limitations would not apply since it terminated in 1997 and the action was brought in July 1999.
However, even if it did constitute a series of separate and distinct transactions as claimed by the defendant, Connecticut law is clear that payment or acknowledgment of a debt tolls the Statute of Limitations.Zaplosky v. Sacks, 191 Conn. 194 (1983) "The Statute of Limitations creates a defense to an action. It does not erase the debt. Hence, the defense can be lost by an unequivocal acknowledgment of the debt, such as a new promise, an unqualified recognition of the debt, or a payment on account." Id. p. 198.
In the instant case there was both, acknowledgment and a partial payment of the debt.
Judgment may enter for the plaintiff in the amount of $9,800.00, the unpaid balance of the debt but without interest.